**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel Angel VENCES, Defendant–
Appellant.**

No. 04–40504.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 16, 2004.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Paul G. Hajjar, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Miguel Angel Vences appeals his conviction and sentence for attempted illegal reentry. He argues that the district court plainly erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor under federal law. This issue, however, is

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**224**

foreclosed by *United States v. Hinojosa–Lopez,* 130 F.3d 691 (5th Cir.1997), and, therefore, Vences has not demonstrated plain error.

Vences concedes that the issue whether the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve its further review by the Supreme Court. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348. This court must therefore follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

Accordingly, Vence's arguments are foreclosed, and his conviction and sentence are AFFIRMED. We REMAND to the district court for correction of the judgment pursuant to FED.R.CRIM.P. 36 to reflect that Vences was convicted of a violation of 8 U.S.C. § 1326 for attempted illegal reentry, not illegal reentry, into the United States after deportation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.